## In the Matter of Lynda CROWELL a/k/a Lynda R. Crowell, Debtor.

### Bankruptcy No. 97–43240–S.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Sept. 2, 1997.

---

**9.** The court will not take into account debtors'  charitable contributions. *See supra* note 5.

Samuel D. Sweet, Beadle, Burket & Sweet, P.L.C., Troy, MI, for Trustee.

---

## OPINION DENYING REQUEST FOR ENTRY OF ORDER APPROVING SALE OF AUTOMOBILE

WALTER SHAPERO, Bankruptcy Judge.

This is a Chapter 7 proceeding. Part of the property of the estate consists of 1994 Honda Accord automobile, which the Trustee seeks to sell.

Local Rule 2.22(a) (E.D.M.) of this Court states the following:

> Use, sale or lease of property of the estate shall be effected in accordance with 11 U.S.C. § 363 and Bankruptcy Rule 2002 and 6004. The notice of sale shall include a statement that the time fixed for filing an objection or a request for a hearing is 15 days from the date the notice is served. In Chapter 7 cases, the clerk shall serve the notice; in all other cases, the seller shall serve the notice.

That rule was promulgated to effectuate the intention of Congress when it enacted the Bankruptcy Code of 1978, and particularly § 363(b)(1) thereof relating to sales of property of the estate by the trustee other than in the ordinary course of business where there are no liens or encumbrances to be transferred to proceeds.

In this case the trustee on July 31, 1997, filed a "Notice of Sale of 1994 Honda Accord", seeking to sell the car for $7,000, and stating that no liens exist on the property. The contents of the notice complied with the local rule (but gave twenty (20) days to object with the Court) and a filed proof of service indicates service on July 29, 1997 upon the persons required to be served.

On August 19, 1997, the trustee filed a certification of no response stating that neither an objection nor a request for hearing had been filed with the Court within the indicated twenty (20) day period and further requesting that the Court enter an order allowing the transfer or sale of the indicated vehicle. Contemporaneously tendered to the Court for signature was an order stating as follows:

> IT IS HEREBY ORDERED that the Trustee is authorized to sell Debtor's 1994 Honda Accord *** for the sale price of $7,000.00 or any higher offer, pursuant to § 363(b) of the Bankruptcy Code.

█ The Court is declining to enter the proffered order. As was stated in the case of *In re Winston Inn & Restaurant Corp.*, 104 B.R. 589, 595 (Bankr.E.D.N.Y.1989) and any number of other cases and legislative history cited therein in referring to enactment in 1978 of § 363(b)(1) of the Code:

> This provision and its implementing procedural rule, Bankruptcy Rule 6004, reflect a marked departure from former Bankruptcy Act concepts and procedures governing the sale of property of an estate in bankruptcy. In the absence of objections to a proposed sale, so long as there is compliance with the notice and a hearing mandate by the trustee or debtor-in-possession, judicial involvement is not required and approval by the bankruptcy judge of the sale is unnecessary.

It should be noted that the procedure, statute and rule of law referred to applies to "property of the estate." There is no distinction between or any exceptions for personalty or realty, tangible or intangible. As is noted by the authorities the purpose of the indicated (and other) changes effectuated in

the Bankruptcy Code was to remove the Bankruptcy Court from administrative activities in bankruptcy cases and incident thereto to relieve the Court from burden of signing, entering, docketing, etc. orders of the type proffered in the situation presented by this case. A purchaser of property effected in that manner is then required to take and have the same comfort from that process, properly effectuated, as that purchaser would have if an order approving the sale was entered by the Court.

What is important is that the proper notice be prepared and is served and there be proof that no timely objection or request for a hearing was filed. In that connection, this Court's local rule does not require that the notice, the proof of service of the notice, and a certification that no objection or request for hearing has been timely filed, be themselves filed with the Court. Since it is those documents that form the basis for the effectuation of the sale, many practitioners (presumably to avoid later proof problems and/or loss of documents, etc.) in fact do file such documents with the Court and the Court continues to receive and file those documents. It may indeed make some sense that if a purchaser is required to rely on notice, proof of service and certificate of no response (and no Court order) that proof of such be readily ascertainable and verifiable from the Court file, rather than being dependent upon finding such in some lawyer's or trustee's file somewhere, and sometime, maybe a long time, after the fact.

Sale of realty and automobiles with attendant title concerns seem to present the more frequent concern under the indicated procedure. Such property is required to be treated like any other "property of the estate". As such there is no reason, other than an unwarranted excess of caution and/or ignorance of the bankruptcy law, why a purchaser (or a title insurer or a registrar of titles, etc.) needs, should ask for, or insist on anything more than verified compliance with mandated notice and service provisions, and proofs thereof, and certificates of no response or objection (filed with the Court if need be). Such is, and is supposed to be taken as the equivalent of a Court order approving the sale. There is virtually no dispute that such is what Congress meant and intended, and the national Bankruptcy Rule contemplates, and in this district, what the local rule seeks to implement. It is difficult to understand why, after almost twenty (20) years, these concepts cannot be meaningfully effectuated in the market place or other non-bankruptcy milieus. Superseded and outdated legal habits and practices die slowly. The time has come to indicate this particular one should be laid to rest in this district.

 To be sure there will be those rare (very rare) instances involving a very complex matter where an actual court order would prove important or necessary. The cited authority does not preclude such. Rather the statutory and rule implementing scheme is designed for those instances into which virtually all of such orders routinely presented to this court fall.

For the foregoing reasons, the Court will not sign the proffered order.